IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEANNIE MORALESON, on behalf of her son Ivan Diaz-Rodrigues, | ) ) ) | 8:09CV412 |
| Petitioner, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| JEFF NEWTON, | ) ) ) | |
| Respondent. | ) | |

This matter is before the court on initial review of the Petition for Writ of Habeas Corpus (filing no. 1) brought by Jeannie Moraleson ("Moraleson") on behalf of her detained son, Ivan Diaz Rodrigues. In the Petition, Moraleson has alleged that her son is being held on excessive bail, he was illegally arrested, and he is 19 years of age.

Because the Petition was signed by Moraleson, and not the detainee, the court must determine whether Moraleson has standing to pursue this petition as the detainee's "next friend." *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf"). The United States Supreme Court has discussed the criteria for allowing "next friend" standing in habeas proceedings as follows:

> "[N]ext friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action . . . . Second, the "next friend" must be truly dedicated to the best interest of the person on whose behalf he seeks to litigate . . . and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. . . . The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).

The court does not have jurisdiction to consider the habeas petition in this case because Moraleson has not met her burden of establishing the propriety of her status as "next friend." *See*

*Id.* at 64. Nothing in the Petition suggests that the detainee is unable to litigate the case on his own behalf. *Id.* Thus, the first prerequisite of "next friend" standing has not been met and the court need go no further in its analysis. Accordingly, the court will dismiss the Petition without prejudice for lack of jurisdiction.

  IT IS THEREFORE ORDERED that:

1.  The Petition for Writ of Habeas Corpus (filing no. 1) is dismissed without prejudice.

2.  All pending motions are dismissed.

3.  A separate judgment will be entered in accordance with this Memorandum and Order.

December 29, 2009.       BY THE COURT:

            s/ Joseph F. Bataillon
            Chief United States District Judge

---

 \*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.